IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROCHA,

    Plaintiff,                     No. CIV S-04-2274 FCD GGH P

    vs.

CALIFORNIA DEP T. OF CORRECTIONS, et al.

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff , apparently a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Because plaintiff had failed to request authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis or to pay the appropriate filing fee, he was directed to do so by order filed on February 8, 2005. When no response to the order was forthcoming timely, the court recommended dismissal, by order filed on April 5, 2005. Thereafter, on April 13, 2005, plaintiff filed objections containing documentation which he averred demonstrated that he had paid the filing fee in full. Although the documentation was not a receipt from this court's Clerk's Office, the court's financial department has confirmed that plaintiff paid the filing fee in full on February 14, 2005 by postal money order. Therefore, the court will vacate the Findings and Recommendations and proceed to the screening of the complaint.

1

1    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's complaint is very difficult to untangle. In addition to the California Department of Corrections, an entity immune from suit, see, infra, plaintiff also names as defendants Jo Ann Gordon, Warden of the California Rehabilitation Center (CRC) in Norco, California; the Director of Corrections; the Special Services Unit of the Department of

1  Corrections; N. Grannis, Chief of Inmate Appeals; Parole Agent T. Gresko; Parole Agent II Rita
2  Collins; CC I R. Lara; Stephen Goya, Regional Administrator; Culinary Officer Young; Center
3  Point, Inc., employees: Carolyn Martin and Debbie Alvery; CRC Appeals Coordinator D.
4  Mugilshi; CC III A.J. Garcia; Center Point, Inc.; Culinary Officer White; unnamed owners of the
5  "Sober Living Unit" in San Diego; CCIII Tampkins; Chief Deputy Warden Hall; Dr. Coles; Dr.
6  Durant Wilson; Officer White; unnamed members of CRC Initial Classification Unit Committee;
7  unnamed members of the civil addict legal processing unit; unnamed members of the Narcotic
8  Evaluation Authority; Parole Agent I Root; unnamed members of plaintiff's first case review;
9  unnamed parole agents at the Kurtz Street parole office in San Diego, CA who arrested plaintiff
10 and returned him to custody on June 10, 2004.

11         As to named defendants the California Department of Corrections (CDC) and the
12 Special Services Unit of the Department of Corrections, the Eleventh Amendment serves as a
13 jurisdictional bar to suits brought by private parties against a state or state agency unless the state
14 or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v.
15 Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir.
16 1982).  In the instant case, the State of California has not consented to suit.  Accordingly,
17 plaintiff's claims against the CDC and its Special Services Unit are frivolous and must be
18 dismissed.

19         As to all unnamed individual defendants, they are dismissed as the court cannot
20 serve unidentified parties.

21         Plaintiff alleges that defendant Gordon allowed unnamed individuals to delay
22 plaintiff's release for 150 days in retaliation for a "category II" investigation of the California
23 Rehabilitation Center (CRC)  "initiated" by plaintiff in 2002.  Complaint, p. 5.  Defendant
24 Gordon "influenced the director of Corrections to influence" defendant Grannis with respect to
25 plaintiff's appeals to be released on time.  Id.  Defendant Gresko held up plaintiff's parole plans
26 in the wrong parole office for 60 days, which defendant Collins permitted.  Id.   Defendant Lara

restricted plaintiff's access to the Narcotic Addict Evaluation Authority for 30 days based on a disciplinary action, which was itself based on a "lie." Complaint, unnumbered page 6. Defendant Young wrote plaintiff up for a disciplinary action when he was not present at CRC. Id. Defendant Goya allowed defendants Garcia and Gresko to make untrue statements about plaintiff's "release process." Id. Defendant Martin, a Center Point, Inc., employee influenced defendant Tampkins to bypass plaintiff's name on the Civil SAP waiting list, delaying his entrance into the civil program. Id.

Defendant Mugilshi did not log plaintiff's appeals, delaying the exhaustion of his administrative remedies. Id. Defendant Alvery caused plaintiff's parole plans to go to the wrong office. Id. Defendants Tampkins, Collins and Lara allowed this to occur and did nothing until plaintiff filed an appeal. Complaint, unnumbered p. 7. Defendants Hall and Grannis ignored C/O Claudio's statement that he called the culinary on June 9, 2002 [sic] at CRC and the culinary was satisfied that plaintiff should not be placed in the kitchen. Id. Defendant C/O White treated inmate Scott Allen differently from plaintiff for same (unidentified) medical condition. Id. Defendant Coles and Durant-Wilson threatened plaintiff with psychiatric segregation, causing plaintiff stress and anxiety. Id. Plaintiff's privacy has been invaded in his sober living home.

Plaintiff appears to be making claims against some defendants more appropriately pursued under 28 U.S.C. § 2254, i.e., those claims going to the constitutionality of his incarceration, if, indeed, he is incarcerated or otherwise confined.

> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973). Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. Ibid. By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See Muhammad v. Close, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827.

Nelson v. Campbell, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004)

With respect to the remaining claims, plaintiff fails to implicate constitutional concerns in his litany of vague, conclusory and rambling allegations. For example, with respect to plaintiff's allegations about the processing, or lack thereof, of his grievances, there is no constitutional right to an inmate appeals process in the first place. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484, 115 S. Ct. at 2300.[1] It is not even clear whether plaintiff is incarcerated or is being civilly detained. Plaintiff includes exhibits not put together

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek, 445 U.S., at 493, 100 S.Ct., at 1263-1264 (transfer to mental hospital), and Washington, 494 U.S., at 221-222, 110 S.Ct., at 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."Sandin v. Conner, supra.

in any sort of order or referred to in his complaint; the pages of the complaint itself are not organized in chronological order.

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)). A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

The complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." McHenry , 84 F.3d at 1179-80. This complaint will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The April 5, 2005 Findings and Recommendations are vacated, plaintiff having paid the filing fee in full.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED:  7/14/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
roch2274.b

7